On June 22, 1979 the court entered the following order:
Before Nichols, Judge, Presiding, Bennett and Smith, Judges.
This matter comes before the court, without oral argument, on a motion for an award of attorneys’ fees filed by Robert S. Johnson, Jack Joseph, and Robert C. Bell, Jr., attorneys of record for the plaintiffs in these cases, on their behalf and on behalf of all other contract attorneys having an interest in the fee. Movants request a fee of 10 percent of the $254,320.80 this court awarded to the plaintiffs in these cases by its order of January 19, 1979. They further request that this court apportion the fee, granting 70 percent of the award to Robert S. Johnson and Jack Joseph for and on behalf of the attorneys of record in Dockets 15-1 and 308, and 30 percent of the award to Robert C. Bell, Jr., for and on behalf of all attorneys of record in Docket 29-G.
We also have before us a motion filed by Walter H. Maloney, Jr., attorney and co-executor of the estate of Walter H. Maloney, requesting an equal apportionment of the fee awarded in Docket 29-G between movant Bell and the estate of Walter H. Maloney. The request is grounded on a contract, dated August 23, 1967, in which the late Mr. Maloney and movant Bell agreed to divide equally attorneys’ fees from all Potawatomi cases on which they had worked. No objection has been raised to the suggested apportionment.
The underlying cases were transferred to this court from the Indian Claims Commission pursuant to 25 U.S.C. § 70v (1976). The authority of this court to determine attorneys’ *715 fees in such cases is established by Pub. L. No. 95-69, 91 Stat. 273 (1977) (to be codified at 25 U.S.C. § 70v-3(a)). There are five attorneys’ compensation contracts to be considered. One contract stipulates a fee of 10 percent of the amount recovered. The other four contracts provide that compensation shall not exceed 10 percent of the amount recovered.
The litigation of these cases before the Indian Claims Commission involved questions of title, value, and the identity of present-day parties entitled to share in any award. At issue was the cession of Royce Area 88 to the United States pursuant to an 1817 treaty. An intra-tribal dispute over the nature of the Potawatomi Indians at the time of the treaty was only settled after years of litigation. The Commission decided that the Potawatomi were a single entity and that title did not have to be traced back to individual tribal bands. It determined that title to Royce Area 88 was held jointly by the Ottawas, the Chippewas, and the Potawatomi. In the valuation phase the Commission found that the land, ceded for about three cents per acre, had a treaty-date value of $1.20 per acre. It held that the cession was made for unconscionable consideration, and that the Potawatomi were entitled to $254,320.80 for their one-third interest in Royce Area 88. 43 Ind. Cl. Comm. 311 (1978). After these cases were transferred to this court, judgment was entered for the above amount.
In view of the length and complexity of the proceedings, the work required and performed by the attorneys, and the relative modesty of the amount of the fee requested, we conclude that allowance of 10 percent of the final judgment is warranted. Attorneys’ compensation of $25,432.08 in this case is reasonable, proper, and within the legal authorization. See Cherokee Nation v. United States, 174 Ct. Cl. 131, 355 F. 2d 945 (1966).
We conclude further, based on the failure of any party or movant to object to the proposed apportionment of the fee, that we shall award the fee in accordance with the agreements of the attorneys of record for plaintiffs.
It Is Therefore Ordered that movants’ motions for award and apportionment of attorneys’ fees are granted. Robert S. Johnson and Jack Joseph, on their behalf and on behalf of all contract attorneys with an interest in the fee *716 in Dockets 15-1 and 308, are awarded the sum of seventeen thousand eight hundred two dollars and forty-six cents ($17,802.46). Robert C. Bell, Jr., and Walter H. Maloney, Jr., attorney and co-executor of the estate of Walter H. Maloney, on their behalf and on behalf of all contract attorneys with an interest in the fee in Docket 29-G, are awarded seven thousand six hundred twenty-nine dollars and sixty-two cents ($7,629.62), to be shared equally.
It is Further Ordered that the aforesaid award of attorneys’ fees be paid out of the judgment of the United States Court of Claims entered on January 19, 1979, in favor of plaintiff tribes in these dockets for the sum of $254,320.80, previously certified for payment.